THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B. JOHNSON and M. JOHNSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| SYNOVUS BANK; CRIMSON PORTFOLIO, LLC; CRIMSON PORTFOLIO ALPHA, LLC; CRIMSON PORTFOLIO BETA, LLC; MOUNTAIN VIEW MORTGAGE OPPORTUNITIES FUND III TRUST I; CARRINGTON MORTGAGE SERVICES, LLC; STATE BRIDGE COMPANY, LLC; SELENE FINANCIAL, LP., | ) Case No. 2:14-cv-2950-STA-dkv |
| | ) |
| Defendants. | ) |

**ORDER DENYING SYNOVUS BANK'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Before the Court is Defendant Synovus Bank's Rule 54(b) Motion for Final Judgment, filed July 21, 2015. (ECF No. 55). Plaintiffs Brian Johnson and Monika Johnson have not responded. For the reasons stated below, Synovus's Motion is **DENIED**.

Federal Rule of Civil Procedure 54(b) provides that

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[1]

In ruling on a Rule 54(b) motion, the Court must first determine whether there is a "'judgment' . . . in the sense that it is a decision upon a cognizable claim for relief," and whether the judgment is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[2] The Court dismissed all of the Johnsons' claims against Synovus on July 1, 2015, adjudicating each and every claim against a single party. Under the Rule, it is a "final judgment."

Second, the Court must determine whether there is any "just reason for delay." The Supreme Court cautioned that "a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"[3] The Sixth Circuit has identified a non-exhaustive list of factors to consider when deciding whether to enter judgment under Rule 54(b):

> (1) the relationship between the adjudicated claim and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issues a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and

---

[1] Fed. R. Civ. P. 54(b).

[2] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

[3] *Id.* at 8.

solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.[4]

Synovus only discusses the first factor in its Motion. Under the first factor, the claims upon which the party seeks final judgment "should generally be separate and independent [from the other claims remaining] so that the appellate court will not have to consider the same issues again if a second appeal is brought."[5] In this multiple-parties, multiple-claims action, the claims against the remaining parties are closely related to the now-dismissed claims brought against Synovus.

The interpretation of a loan modification, deed of trust, and other documents led to dismissal of the claims against Synovus. The same documents form the bases for the claims remaining against other defendants: (1) breach of contract against Crimson Portfolio, LLC; (2) breach of contract against Carrington Mortgage, Inc.; (3) breach of the implied covenant of good faith against Crimson Portfolio, LLC and Carrington Mortgage, Inc.; and (4) violation of the Tennessee Consumer Protection Act against Crimson Protfolio, LLC and Carrington Mortgage, Inc. If the Court entered judgment and the Plaintiffs appealed twice, the Sixth Circuit would have to interpret the same loan modification agreement, deed of trust, and other documents in both appeals. The third factor, then, weighs heavily against entry of final judgment.

Rule 54(b) is "not to be used routinely, or as an accommodation to counsel."[6] While the Court is sympathetic to Synovus's desire for "prompt closure" to avoid "unnecessary expenditure of time and money" for future monitoring of the case, the historic federal policy

---

[4] *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 430 (6th Cir. 2008) (quoting *Corrosioneering, Inc. v. Thyseen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)) (internal quotation marks omitted).

[5] *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994) (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2659 (1983)).

[6] *Local Union No. 1812, United Mine Workers of Am. v. Bethenergy Mines, Inc.*, 992 F.2d 569, 572 (6th Cir. 1993).

3

against piecemeal appeals must outweigh any inconvenience to Synovus. Thus, the Court finds just cause to delay entry of final judgment as to the claims against Synovus, and Synovus's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              HON. S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT COURT

                                              Date: August 19, 2015.