IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| B. JOHNSON and M. JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv 02950-STA-dkv |
| | ) | |
| SYNOVUS BANK; CRIMSON | ) | |
| PORTFOLIO, LLC; CRIMSON | ) | |
| PORTFOLIO ALPHA, LLC; | ) | |
| CRIMSON PORTFOLIO BETA, LLC; | ) | |
| MOUNTAINVIEW MORTGAGE | ) | |
| OPPORTUNITIES FUND III TRUST I: | ) | |
| CARRINGTON MORTGAGE | ) | |
| SERVICES, LLC; STATEBRIDGE | ) | |
| COMPANY, LLC; SELENE | ) | |
| FINANCIAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT MOUNTAINVIEW MORTGAGE OPPORTUNITIES FUND III TRUST I

Before the Court is the Motion for Summary Judgment filed by Defendant MountainView Mortgage Opportunities Fund III Trust I ("MountainView). (ECF No. 56.) Plaintiff Monika Johnson[1] has filed a response to the motion (ECF No. 94), and Defendant MountainView has filed a reply to the response. (ECF No. 98.) For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[1] Plaintiff Brian Johnson was dismissed from the action on November 24, 2015. (ECF No. 80.)

1

to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant.[3] In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence."[4] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7] The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."[8]

---

[2] Fed. R. Civ. P. 56(c).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251–52.

[8] *Celotex*, 477 U.S. at 322.

Plaintiffs filed a Petition for Breach of Contract, Unfair and Deceptive Servicing Practices, Loss of Credit, Fraud, Issuance of a Temporary Restraining Order, and Further Injunctive Relief against Synovus Bank, Trust One Bank, Crimson Portfolio, LLC, and Carrington Mortgage Services, LLC, in the Shelby County Chancery Court on November 25, 2013. (ECF No. 1-1.) On October 9, 2014, Plaintiffs filed a First Amended Verified Petition, adding the remaining Defendants. (*Id.*) The case was subsequently removed to this Court based on diversity of citizenship, 28 U.S.C. § 1332. (ECF No. 1.)

On July 1, 2015, the Court granted the Motions to Dismiss of Synovus Bank and Statebridge Company, LLC. (ECF No 54.) The Court granted Statebridge's motion based on Plaintiffs' failure to respond to the motion, while Synovus' motion was granted on the merits. (*Id.*). Crimson Portfolio, LLC; Crimson Portfolio Alpha, LLC; Crimson Portfolio Beta, LLC; and Carrington Mortgage Services, LLC, have filed Motions for Summary Judgment, which are pending before the Court. (ECF Nos. 72 and 73).

The parties agree that Plaintiffs obtained a mortgage loan in 2003, which was modified in 2012, and subsequently transferred between several different servicers and investors. Ultimately, MountainView became the owner of the loan, with Statebridge servicing the loan on behalf of MountainView. It is undisputed that Plaintiff's claims are based on alleged servicing and credit reporting errors that occurred before MountainView or Statebridge became involved with the loan.

In the present motion, MountainView contends that it is entitled to summary judgment because Plaintiff has not alleged any wrongdoing by MountainView and cannot establish that MountainView is vicariously liable for any wrongdoing by Statebridge. In response, Plaintiff argues that MountainView, as the current owner of the loan, is a necessary party under Rule 19

of the Federal Rules of Civil Procedure[9] and that MountainView's "presence before the Court is necessary to accord full injunctive and declaratory relief."[10]

It is clear that Plaintiff cannot establish direct liability on the part of MountainView. Statebridge served Plaintiffs with Requests for Admissions, to which Plaintiffs failed to respond or object.[11] As a result, Plaintiffs are deemed to have admitted the matters therein.[12] Specifically deemed admitted are the following: (1) "Admit that the Amended Complaint does not state any basis for relief from Defendants Statebridge Company, LLC, and Mountain View Mortgage Opportunities Fund III Trust I" and (2) "Admit that Defendants Statebridge Company, LLC, and Mountain View Mortgage Opportunities Fund III Trust I are not liable to Plaintiffs for any damages, monetary or otherwise, including but not limited to statutory damages, punitive damages, attorney's fees, costs, and/or expenses."[13] Based on these deemed admissions, Plaintiff has failed to establish any direct liability on the part of MountainView for her claims.[14]

---

[9] Rule 19 provides as follows:
 (a) Persons Required to be Joined, if Feasible
  (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
   (A) In that person's absence the court cannot accord complete relief among existing parties.

[10] (Resp., p. 10, ECF No. 94.)

[11] (Mot. For Summ. J., Att. A, ECF No. 56-4.)

[12] *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.")

[13] (Mot. For Summ. J., Att. A, pp. 5-6, Nos. 7 – 8, ECF No. 56-4.) Plaintiff has not argued that these matters should not be deemed admitted.

[14] *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.")

Additionally, Plaintiff cannot establish vicarious liability on the part of MountainView because the lack of liability on the part of its servicer, Statebridge, has been deemed admitted, as discussed above. It is well-settled that a principal cannot be vicariously liable without some wrongful act of its agent.[15] Moreover, the issue of Statebridge's liability has already been decided on the merits. Rule 41(b) of the Federal Rules of Civil Procedure provides that an involuntary dismissal with prejudice "operates as an adjudication on the merits." Because Statebridge was dismissed from the action with prejudice under Rule 41(b),[16] it has been adjudged on the merits to be not liable, and thus, any vicarious liability claim against MountainView must fail as a matter of law.[17]

Despite the lack of direct or vicarious liability on the part of MountainView, Plaintiff argues that MountainView's motion should be denied based on her requests for injunctive and declaratory relief. Plaintiff asserts that, as the owner of the loan, MountainView's rights and responsibilities such as collecting payments on the loan, initiating foreclosure, or taking any other action in furtherance of its contractual rights will necessarily be affected by any order of

---

[15] *See, e.g.*, *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998) ("Under a respondeat superior rule, a principal is only held vicariously liable for torts committed by an agent when the agent acts for the benefit of his principal within the scope of his employment."); *Ficken v. Golden*, 696 F. Supp. 2d 21, 30 (D.D.C. 2010) ("Vicarious liability "is not an independent cause of action," but instead "a legal concept employed to transfer liability from an agent to a principal at trial." Thus, "[i]n the absence of agent liability, no liability can attach to the principal." (citations omitted)); *Paul v. Milburn*, 275 F. Supp. 105, 106 (W.D. Tenn. 1967) ("If the agent, the immediate actor, cannot be charged with liability for the tort, the principal, the remote actor, who had no immediate part in the tortious transaction, cannot be held responsible[.]")

[16] (Order of Dismissal, ECF No. 54.)

[17] *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1500 (11th Cir. 1990) (holding that claims against bank defendant were barred by stipulation of dismissal as to individual defendants, when claims against Citibank were based solely on vicarious liability of Citibank).

the Court as to the declaratory and injunctive relief sought.[18]  Under Fed. R. Civ. P. 19(a)(1)(A), the Court finds that MountainView's presence is not necessary in order to accord complete relief among the existing parties.[19]

Plaintiff seeks a "declaration that the terms of [the] loan modification agreement contains latent ambiguities, mistakes, and unconscionable terms" and a "declaration from the court as to the validity, voidable quality, interpretation, and application of the terms detailed in [her] loan modification agreement."[20]  However, as noted by MountainView, this Court has already issued an order interpreting the loan modification agreement.  In the Order of Dismissal as to Synovous and Statebridge, the Court held that the loan modification agreement "is not susceptible to more than one interpretation, and thus it is not ambiguous."[21]  Accordingly, "the parties' intent is determined from the four corners of the contract."[22]

This Court then determined that, contrary to Plaintiff's contention, the loan modification agreement unambiguously provided for a twelve-year amortization period with a two-year term.[23]  "Here, the contract terms are clear from the written instrument, which the Johnsons admittedly signed after communicating their concerns with Willingham; therefore, any parole

---

[18] (Resp., p. 10, ECF No. 11.)

[19] *See* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1602, at 20 (3d ed. 2001) (Rule 19 "should be employed to promote the full adjudication of disputes with a minimum of litigation effort," and "the essence of Rule 19 is to balance the rights of all those whose interests are involved in the action.")

[20] (Cmplt., paras. 5, 132, ECF No. 1-1.)

[21] (Order of Dismissal, p. 10, ECF No. 54.)

[22] (*Id.*)

[23] (*Id.*, pp. 10-12.)

evidence is inadmissible."[24] The Court further held that the loan modification was valid and enforceable and that Plaintiff was "bound by the agreement [she] signed."[25] Thus, even if Plaintiff has sufficiently stated a claim for declaratory relief against MountainView, the claim would be denied because the Court has already interpreted the loan modification agreement.

Additionally, Plaintiff has not shown any grounds for injunctive relief against MountainView. Plaintiff asks the Court to "restrain[] all Respondents from initiating or conducting foreclosure proceedings on Petitioner's property."[26] However, Plaintiff has not satisfied the requirements for injunctive relief.

A homeowner seeking to enjoin a nonjudicial foreclosure sale must "distinctly state how, when, and to whom the debt or any part of the debt . . . has been paid, or any circumstances of fraud which vitiate the contract."[27] "In other words, there are only two grounds for a court to enjoin such a sale: repayment of debt owed, or fraud that would vitiate a mortgage contract."[28] When "a plaintiff attempts to enjoin a future non-judicial sale from occurring, the Court applies the Rule 65 standard to the limited grounds for such relief under [T.C.A.] § 29–23–202."[29] A plaintiff seeking a permanent injunction under Rule 65 must show "(1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that considering the balance of

---

[24] (*Id.*, pp. 11-12.)

[25] (*Id.*, p. 11.)

[26] (Cmplt., para. 68, ECF No. 1-1.)

[27] T.C.A. § 29–23–202.

[28] *Dauenhauer v. Bank of New York Mellon*, 2013 WL 209250 at *3 (M.D. Tenn. Jan. 16, 2013).

[29] *Id.*

7

the hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) it is in the public's interest to issue the injunction."[30]

Here, Plaintiff admits that she has not repaid the mortgage debt.[31] Additionally, although Plaintiff seeks monetary damages against the other defendants for fraud allegedly committed during servicing, Plaintiff has not alleged any fraud which would "vitiate the contract," as required by T.C.A. § 29–23–202. Although she argues that prior servicers failed to honor the original loan modification terms and failed to grant her an additional modification as allegedly promised, Plaintiff has not disputed that the underlying debt and mortgage are valid obligations.

Moreover, Plaintiff has an adequate remedy at law for her claims against the other defendants. Declining to grant an injunction will have no effect on Plaintiff's ability to obtain monetary damages if she prevails on those claims. Finally, any potential harm to Plaintiff is offset by the harm MountainView would suffer in being prevented from enforcing a valid mortgage, and the public interest favors the upholding of contractual obligations. Accordingly, Plaintiff has not proven an entitlement to injunctive relief.[32]

Because the undisputed evidence shows that MountainView has no direct or vicarious liability for Plaintiff's claims and is not a necessary party under Fed. R. Civ. P. 19, MountainView's Motion for Summary Judgment is **GRANTED**, and MountainView is dismissed from the action.

---

[30] *Coach Inc. v. Our Little Secret*, 2013 WL 5797119 at *2 (W.D. Tenn. Sept. 9, 2013).

[31] (Resp., para. 11, ECF No. 94-1.)

[32] *See Dauenhauer*, 2013 WL 209250 at *2-6 (denying the request to enjoin a foreclosure sale under Fed. R. Civ. P. 65 because (1) the plaintiffs were not likely to succeed on the merits, for they had not proven that they satisfied the mortgage debt, nor had they proven any fraud that would vitiate the contract; (2) any irreparable injury to the plaintiffs from a loss of their property was counterbalanced by harm the mortgagee could suffer in being deprived of payments on a valid mortgage; and (3) the public had "an interest in seeing that contract obligations are upheld and loans are repaid").

**IT IS SO ORDERED.**

                                              **s/ S. Thomas  Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date:  March 31, 2016.