IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B. JOHNSON and M. JOHNSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv 02950-STA-dkv |
| | ) |
| SYNOVUS BANK; CRIMSON | ) |
| PORTFOLIO, LLC; CRIMSON | ) |
| PORTFOLIO ALPHA, LLC; | ) |
| CRIMSON PORTFOLIO BETA, LLC; | ) |
| MOUNTAINVIEW MORTGAGE | ) |
| OPPORTUNITIES FUND III TRUST I: | ) |
| CARRINGTON MORTGAGE | ) |
| SERVICES, LLC; STATEBRIDGE | ) |
| COMPANY, LLC; SELENE | ) |
| FINANCIAL, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC**

Before the Court is the Motion for Summary Judgment filed by Defendant Carrington Mortgage Services, LLC ("Carrington"). (ECF No. 72.) Plaintiff Monika Johnson[1] has filed a response to the motion (ECF No. 84) and a supplemental response to the motion (ECF No. 96), and Defendant has filed a reply. (ECF No. 100.) For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---

[1] Plaintiff Brian Johnson was dismissed from the action on November 24, 2015. (ECF No. 80.)

1

to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant.[3] In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence."[4] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6] The Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7] The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."[8]

Plaintiff filed a Petition for Breach of Contract, Unfair and Deceptive Servicing Practices, Loss of Credit, Fraud, Issuance of a Temporary Restraining Order, and Further Injunctive Relief

---

[2] Fed. R. Civ. P. 56(c).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251–52.

[8] *Celotex*, 477 U.S. at 322.

against Synovus Bank, Trust One Bank, Crimson Portfolio, LLC, and Carrington Mortgage Services, LLC, in the Shelby County Chancery Court on November 25, 2013. (ECF No. 1-1.) On October 9, 2014, Plaintiffs filed a First Amended Verified Petition, adding the remaining Defendants. (*Id.*) The case was subsequently removed to this Court based on diversity of citizenship, 28 U.S.C. § 1332. (ECF No. 1.)

On July 1, 2015, the Court granted the Motions to Dismiss of Synovus Bank and Statebridge Company, LLC. (ECF No 54.) On March 31, 2016, the Court granted the Motion for Summary Judgment of Defendant Mountanview. (EFF No. 99.)[9]

The undisputed facts show that Plaintiff obtained a mortgage loan in 2003, which was modified in 2012, and subsequently transferred between several different servicers and investors. Ultimately, Crimson became the owner of the loan, with Synovus Bank servicing the loan on behalf of Crimson. Synovus Bank transferred the servicing rights to Carrington effective April 1, 2013. Servicing rights were transferred from Carrington to Statebridge effective June 18, 2014. The last monthly payment made by Plaintiff under the note and deed of trust was the March 1, 2013, payment. No payments were ever sent by Plaintiff to Carrington.

Plaintiff originally brought three claims against Carrington: breach of contract, breach of the common law covenant of good faith and faith dealing, and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*. Plaintiff has now abandoned her claim against Carrington under the Tennessee Consumer Protection Act.[10]

---

[9] Crimson Portfolio, LLC; Crimson Portfolio Alpha, LLC; Crimson Portfolio Beta, LLC ("Crimson") has also filed a Motion for Summary Judgment which is pending before the Court. (ECF No. 73.)

[10] (Resp. p. 10, ECF No. 96.)

Breach of Contract Claim

To state a breach of contract claim under Tennessee law, a plaintiff must show the existence of an enforceable contract, a breach of the contract, and damages resulting from the breach.[11] Here, Plaintiff contends that "Carrington breached the terms of the loan modification agreement by failing to recognize that payments were to be applied exclusively to principal; by attempting to collect on Note B when it was not yet due; and by reporting the debt evidenced by Note B as 'charged off' when there had been no default on the mortgage and no payments were due under note B."[12]

This Court has already issued an order interpreting the loan modification agreement. In the Order of Dismissal as to Synovus and Statebridge, the Court held that the loan modification agreement "is not susceptible to more than one interpretation, and thus it is not ambiguous."[13] Accordingly, "the parties' intent is determined from the four corners of the contract."[14] This Court then determined that, contrary to Plaintiff's contention, the loan modification agreement unambiguously provided for a twelve-year amortization period with a two-year term.[15] "Here, the contract terms are clear from the written instrument, which the Johnsons admittedly signed after communicating their concerns with Willingham; therefore, any parole evidence is

---

[11] *See ARC LifeMed, Inc. v. AMC Tennessee, Inc.*, 183 S.W. 3d 1, 26 (Tenn. Ct. App. 2005).

[12] (Resp., p. 11, ECF No. 96.)

[13] (Order of Dismissal, p. 10, ECF No. 54.)

[14] (*Id.*)

[15] (*Id.*, pp. 10-12.)

4

inadmissible."[16] The Court further held that the loan modification was valid and enforceable and that Plaintiff was "bound by the agreement [she] signed."[17]

Plaintiff points to discussions that she had with Thomas Willingham, a representative for Trust One Bank/Synovus, concerning issues relating to the servicing and payment collection for the loan. ("Although the proposed Loan Modification and Agreement did not expressly state it, Mr. Willingham committed that all payments on the first and second mortgage would be applied entirely to principal to reduce the loan balance more quickly by e-mail dated December 20, 2011.")[18] The discussions cited relate to matters that took place before Carrington became the servicer for the loan. Those communications were outside the four corners of the loan modification agreement executed by Plaintiff and Trust One Bank/Synovus, and Plaintiff has presented no evidence that the loan modification agreement was further modified in writing. In light of the Court's previous ruling, Plaintiff cannot present parole evidence to show any further modifications.

Moreover, Willingham testified at his deposition that he had no conversations with any loan servicer once the loans left Synovus.[19] Thus, subsequent servicers such as Carrington were provided with no servicing directions contrary to that which was contained in the original loan documents and in the loan modification agreement.

Additionally, during the time that Carrington serviced the loan, Plaintiff made no payments on the loan. Accordingly, there were no payments to apply to the loan principal or to

---

[16] (*Id.*, pp. 11-12.)

[17] (*Id.*, p. 11.)

[18] (Resp., pp. 13 -14, ECF No. 96.)

[19] (Willingham Dep., pp. 137-38, ECF No. 97.)

misapply. Carrington could not breach an agreement to properly apply payments when it did not receive any payments to apply, and Plaintiff's breach of contract claim as to Carrington fails.

Breach of Covenant of Good Faith and Fair Dealing Claim

Plaintiff further alleges that Carrington breached the implied covenant of good faith and fair dealing by failing to properly service Plaintiff's loan. Under Tennessee law, the duty of good faith and fair dealing is imposed on parties to a contract "as it pertains to the performance of [that] contract."[20] "As a result of this covenant, each contracting party promises to perform its part of the contract in good faith and, in return, expects the other party to do the same."[21] "The obligation of good faith and fair dealing does not create additional contractual rights or obligations, and it cannot be used to avoid or alter the terms of an agreement."[22]

Carrington could not breach the loan agreement by failing to properly apply payments, as no payments were received. While Carrington acknowledges that it had a duty to properly apply payments that were received, that duty was not triggered until Plaintiff fulfilled her duties under the contract by actually making a payment on her loan obligation. "Absent a valid claim for breach of contract, there is no cause of action for breach of implied covenant or good faith and fair dealing."[23] Because Plaintiff does not have a breach of contract claim against Carrington, her claim for breach of the implied covenant of good faith and fair dealing must also fail.

---

[20] *Barnes & Robinson Co. v.Onesource Facility Servs., Inc.*, 195 S.W.3d 637, 642 (Tenn Ct. App. 2006)(citing *Wallace v. National Bank of Commerce*, 938 S.W.2d 684, 686 (Tenn. 1996).

[21] *Goot v Metro Gov't of Nashville & Davidson County*, 2005 WL 3031638 at *7 (Tenn. Ct. App. Nov. 9, 2005).

[22] *Cadence Bank v. Alpha Trust*, 473 S.W.3d 756 (Tenn. Ct. App. 2015) (citing *Lamar Adver. Co. v. By-Pass Partners*, 313 S.W.3d 779, 791 (Tenn. Ct. App. 2009)).

[23] *SecurAmerica Bus. Credit v. Schledwitz*, 2014 WL 1266121 at *33 (Tenn. Ct. App. Mar. 28, 2014) (quoting *Ike v. Quantum Servicing Corp.*, 2012 WL 3727132 at *5 (W.D. Tenn. Aug. 27, 2012)).

The undisputed evidence shows that Carrington has no liability for Plaintiff's claims. Accordingly, Carrington's Motion for Summary Judgment is **GRANTED**, and Carrington is dismissed from the action.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date:  April 27, 2016.