IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B. JOHNSON and M. JOHNSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv 02950-STA-dkv |
| | ) |
| SYNOVUS BANK; CRIMSON | ) |
| PORTFOLIO, LLC; CRIMSON | ) |
| PORTFOLIO ALPHA, LLC; | ) |
| CRIMSON PORTFOLIO BETA, LLC; | ) |
| MOUNTAINVIEW MORTGAGE | ) |
| OPPORTUNITIES FUND III TRUST I: | ) |
| CARRINGTON MORTGAGE | ) |
| SERVICES, LLC; STATEBRIDGE | ) |
| COMPANY, LLC; SELENE | ) |
| FINANCIAL, LLC, | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF
CRIMSON PORTFOLIO, LLC,
CRIMSON PORTFOLIO ALPHA, LLC AND CRIMSON PORTFOLIO BETA, LLC

Before the Court is the Motion for Summary Judgment filed by Defendants Crimson Portfolio, LLC, Crimson Portfolio Alpha, LLC, and Crimson Portfolio Beta, LLC (collectively "Crimson"). (ECF No. 73.) Plaintiff Monika Johnson[1] has filed a response to the motion (ECF No. 85) and a supplemental response (ECF No. 95), and Defendants have filed a reply. (ECF No. 102.) For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

---
[1] Plaintiff Brian Johnson was dismissed from the action on November 24, 2015. (ECF No. 80.)

to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant.[3] In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence."[4] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[5] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6] The Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7] The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."[8]

Plaintiff filed a Petition for Breach of Contract, Unfair and Deceptive Servicing Practices, Loss of Credit, Fraud, Issuance of a Temporary Restraining Order, and Further Injunctive Relief

---

[2] Fed. R. Civ. P. 56(c).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251–52.

[8] *Celotex*, 477 U.S. at 322.

against Synovus Bank, Trust One Bank, Crimson Portfolio, LLC, and Carrington Mortgage Services, LLC, in the Shelby County Chancery Court on November 25, 2013. (ECF No. 1-1.) On October 9, 2014, Plaintiffs filed a First Amended Verified Petition, adding the remaining Defendants. (*Id.*) The case was subsequently removed to this Court based on diversity of citizenship, 28 U.S.C. § 1332. (ECF No. 1.)

On July 1, 2015, the Court granted the Motions to Dismiss of Synovus Bank and Statebridge Company, LLC. (ECF No 54.) On March 31, 2016, the Court granted the Motion for Summary Judgment of Defendant Mountainview. (ECF No. 99.) On April 27, 2016, the Court granted the Motion for Summary Judgment of Defendant Carrington. (ECF No. 104.) Crimson is the only remaining defendant.

The undisputed facts show that Plaintiff obtained a mortgage loan from a predecessor to Trust One in 2003. After Plaintiff reached out to Thomas Willingham, Senior Vice President of Managed Assets at Trust One, the loan was modified in 2012 ("the Modified Note"). Subsequently, the Modified Note was transferred between several different servicers and investors. Ultimately, Crimson became the owner of the loan, with Synovus Bank servicing the loan on behalf of Crimson. Synovus Bank transferred the servicing rights to Carrington effective April 1, 2013. Servicing rights were transferred from Carrington to Statebridge effective June 18, 2014. The last monthly payment made by Plaintiff under the note and deed of trust was the March 1, 2013, payment. No payments were ever sent by Plaintiff to Carrington or, thereafter, to Statebridge.

Plaintiff originally brought three claims against Crimson: breach of contract, breach of the common law covenant of good faith and fair dealing, and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*. Plaintiff has abandoned her

claim against Crimson under the Tennessee Consumer Protection Act.[9] Therefore, the Court will address only the breach of contract claim and the breach of the common law covenant of good faith and fair dealing claim on the merits.

## Breach of Contract Claim

Plaintiff's claims against Crimson are based on general agency principles.[10] Plaintiff argues that Carrington, as servicer for Crimson, "breached the terms of the loan modification agreement by failing to recognize that payment were to be applied exclusively to principal; by attempting to collect on Note B when it was not yet due; and by reporting the debt evidenced by Note B as 'charged off' when there had been no default on the mortgage and no payments were due under Note B."[11]

This Court has already issued an order interpreting the loan modification agreement. In the Order of Dismissal as to Synovus and Statebridge, the Court held that the loan modification agreement "is not susceptible to more than one interpretation, and thus it is not ambiguous."[12] Accordingly, "the parties' intent is determined from the four corners of the contract."[13] The Court then determined that, contrary to Plaintiff's contention, the loan modification agreement unambiguously provided for a twelve-year amortization period with a two-year term.[14] "Here, the contract terms are clear from the written instrument, which the Johnsons admittedly signed

---

[9] (Supp. Resp. p. 10, ECF No. 95.)

[10] (*Id.*, p. 11.)

[11] (*Id.*, p. 10.)

[12] (Ord. of Dismissal, p. 10, ECF No. 54.)

[13] (*Id.*)

[14] (*Id.*, pp. 10-12.)

after communicating their concerns with Willingham; therefore, any parole evidence is inadmissible."[15] The Court further held that the loan modification was valid and enforceable and that Plaintiff was "bound by the agreement [she] signed."[16]

Plaintiff points to discussions that she had with Thomas Willingham, a representative for Trust One Bank/Synovus, concerning issues relating to the servicing and payment collection for the loan. ("Although the proposed Loan Modification and Agreement did not expressly state it, Mr. Willingham committed that all payments on the first and second mortgage would be applied entirely to principal to reduce the loan balance more quickly by e-mail dated December 20, 2011.")[17] Those communications were outside the four corners of the loan modification agreement executed by Plaintiff and Trust One Bank/Synovus, and Plaintiff has presented no evidence that the loan modification agreement was further modified in writing. In light of the Court's previous ruling, Plaintiff cannot present parole evidence to show any further modifications.

During the time that Carrington serviced the loan, Plaintiff made no payments on the loan. Accordingly, there were no payments to apply to the loan principal or to misapply. Carrington could not breach an agreement to properly apply payments when it did not receive any payments to apply, and Plaintiff's breach of contract claim as to Carrington failed.[18] It is well-settled that a principal (in this case Crimson) cannot be vicariously liable without some

---

[15] (*Id.*, pp. 11-12.)

[16] (*Id.*, p. 11.)

[17] (Supp. Resp., pp. 4 -5, ECF No. 95.) The discussions cited relate to matters that took place prior to Crimson's involvement with Plaintiff.

[18] (Ord. Grt'in Carrington MSJ, ECF No. 104.)

5

wrongful act of its agent (Carrington).[19] Because Plaintiff's claims against Carrington have failed as a matter of law,[20] no vicarious liability may be assigned to Crimson for Carrington's actions in servicing the loan.[21]

Additionally, Plaintiff first breached the contract when she stopped making payments on either portion of the Modified Note, despite receiving notification from both Trust One/Synovus and Carrington of the transfer in servicing.[22] The party who commits the first material breach of a contract cannot recover under the contract.[23] "A party who has materially breached a contract is not entitled to damages stemming from the other party's later material breach of the same contract. Thus, in cases where both parties have not fully performed it is necessary for the courts to determine which party is chargeable with the first uncured material breach."[24] Because Plaintiff was the first breaching party, she is estopped from asserting a claim against Crimson.

---

[19] *See Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998); *Ficken v. Golden*, 696 F. Supp. 2d 21, 30 (D.D.C. 2010); *Paul v. Milburn*, 275 F. Supp. 105, 106 (W.D. Tenn. 1967).

[20] (Ord. Grt'ing Carrington's MSJ, ECF No. 104.)

[21] *See Nerswick v. CSX Transp., Inc.*, 441 F. App'x 320, 324 (6th Cir. 2011) (holding that a principal cannot be vicariously liable without some wrongful act of its agent).

[22] (Pl's Supp. Resp. SOF, p. 5, ECF No. 95-1.)

[23] *Madden Phillips Constr. v. GGAT Dev. Corp.*, 315 S.W.3d 800, 813 (Tenn. Ct. App. 2009); *United Brake Sys. v. Am. Envtl. Prot.*, 963 S.W.2d 749, 756 (Tenn. Ct. App. 1997) ("There can be no recovery for damages on the theory of breach of contract by the party who himself breached the contract.") (quoting *Santa Barbara Capital Corp. v. World Christian Radio Found., Inc.*, 491 S.W.2d 852, 857 (Tenn. App. 1972)).

[24] *United Brake*, 963 S.W.2d at 756 (quoting *McClain v. Kimbrough Const. Co.*, 806 S.W.2d 194, 199 (Tenn. App. 1990)).

Finally, Plaintiff admits that Crimson never demanded payment or sent statements or any other correspondence to Plaintiff.[25] She further admits that Crimson did not engage in any negative credit reporting and she did not reach out to Crimson about credit reporting.[26] Accordingly, Crimson is entitled to judgment as a matter of law on the breach of contract claim.

<u>Breach of Covenant of Good Faith and Fair Dealing Claim</u>

Under Tennessee law, the duty of good faith and fair dealing is imposed on parties to a contract "as it pertains to the performance of [that] contract."[27] "As a result of this covenant, each contracting party promises to perform its part of the contract in good faith and, in return, expects the other party to do the same."[28] "The obligation of good faith and fair dealing does not create additional contractual rights or obligations, and it cannot be used to avoid or alter the terms of an agreement."[29] "Absent a valid claim for breach of contract, there is no cause of action for breach of implied covenant or good faith and fair dealing."[30] Because Plaintiff does

---

[25] (Pl's Supp. Resp. SOF, p. 7, ECF No. 95-1.)

[26] (*Id.*, p. 8.)

[27] *Barnes & Robinson Co. v.Onesource Facility Servs., Inc.*, 195 S.W.3d 637, 642 (Tenn Ct. App. 2006)(citing *Wallace v. National Bank of Commerce*, 938 S.W.2d 684, 686 (Tenn. 1996).

[28] *Goot v Metro Gov't of Nashville & Davidson County*, 2005 WL 3031638 at *7 (Tenn. Ct. App. Nov. 9, 2005).

[29] *Cadence Bank v. Alpha Trust*, 473 S.W.3d 756 (Tenn. Ct. App. 2015) (citing *Lamar Adver. Co. v. By-Pass Partners*, 313 S.W.3d 779, 791 (Tenn. Ct. App. 2009)).

[30] *SecurAmerica Bus. Credit v. Schledwitz*, 2014 WL 1266121 at *33 (Tenn. Ct. App. Mar. 28, 2014) (quoting *Ike v. Quantum Servicing Corp.*, 2012 WL 3727132 at *5 (W.D. Tenn. Aug. 27, 2012)).

not have a breach of contract claim against Crimson (as principal) or Carrington (as agent), her claim for breach of the implied covenant of good faith and fair dealing must also fail.[31]

The undisputed evidence shows that Crimson has no liability for Plaintiff's claims. Accordingly, Crimson's Motion for Summary Judgment is **GRANTED**, and Crimson is dismissed from the action.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  May 12, 2016.

---

[31] Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is based on agency principles.  (Supp. Resp., p. 14, ECF No. 95.)